UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| Case No. | LA CV22-07398 JAK (JPRx) | Date | March 11, 2024 |
| Title | Michael Grecco Productions Inc. v. ImageSelect B.V. | | |

| | |
|---|---|
| Present: The Honorable | JOHN A. KRONSTADT, UNITED STATES DISTRICT JUDGE |
| T. Jackson | Not Reported |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:**   (IN CHAMBERS) ORDER RE DEFENDANT'S MOTION TO DISMISS (DKT. 20)

JS-6

## I.   Introduction

On October 11, 2022, Michael Grecco Productions, Inc. ("Grecco" or "Plaintiff") brought this action against ImageSelect B.V. ("ImageSelect" or "Defendant"). Dkt. 1. The Complaint advances two causes of action: (1) direct copyright infringement in violation of 17 U.S.C. § 101, *et seq.*, and (2) use of false copyright management information in violation of the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. § 1202. *Id.* ¶¶ 31-47.

On February 15, 2023, Defendant filed a motion to dismiss (the "MTD"). Dkt. 20. On the same date, Defendant filed a Request for Judicial Notice (the "RJN"). Dkt. 21. On March 23, 2023, after failing to file a timely opposition by its deadline, Plaintiff filed a motion for leave to file a late opposition (the "Late Filing Motion"). Dkt. 23. On March 30, 2023, Defendant filed an opposition to the Late Filing Motion. Dkt. 24. On April 10, 2023, Plaintiff filed a reply in support of the Late Filing Motion. Dkt. 25. On April 14, 2023, Plaintiff filed supplemental materials in support of its reply, including its proposed opposition to the MTD (the "MTD Opposition"). Dkt. 26. On April 18, 2023, an order issued granting the Late Filing Motion and providing that the MTD Opposition would be viewed as if timely filed. Dkt. 27. On May 2, 2023, Defendant filed a reply in support of the MTD (the "MTD Reply"). Dkt. 29.

On July 3, 2023, Plaintiff filed a motion for leave to conduct expedited jurisdictional discovery (the "Discovery Motion"). Dkt. 29. On July 17, 2023, Defendant filed an opposition to the Discovery Motion (the "Discovery Opposition"). Dkt. 31. On July 24, 2023, Plaintiff filed a reply in support of the Discovery Motion (the "Discovery Reply"). Dkt. 32.

A hearing on the MTD and the Discovery Motion (collectively, the "Motions") was held on October 2, 2023, and the Motions were taken under submission. Dkt. 41. On October 4, 2023, an order issued deferring the MTD and granting-in-part the Discovery Motion. Dkt. 42. The order provided for certain of the limited jurisdictional discovery requested in the Discovery Motion and ordered both parties to file supplemental briefing following the completion of jurisdictional discovery. *Id.* at 2.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV22-07398 JAK (JPRx) | Date | March 11, 2024 |
|---|---|---|---|
| Title | Michael Grecco Productions Inc. v. ImageSelect B.V. | | |

On February 1, 2024, Plaintiff filed its supplemental brief ("Plaintiff's Supplemental Brief"). Dkt. 57. On the same date, Plaintiff also filed a Supplemental Request for Judicial Notice ("Supplemental RJN"). Dkt. 57-2. On February 8, 2024, Defendant filed its supplemental brief ("Defendant's Supplemental Brief"). Dkt. 58. Following the submission of the parties' supplemental briefing, the MTD was again taken under submission. Dkt. 67.

For the reasons stated in this Order, the MTD is **GRANTED**.

**II.    Background**

    A.    The Parties

It is alleged that Plaintiff is a photography and film studio owned and operated by Michael Grecco, who is a commercial photographer and film director. Dkt. 1 ¶¶ 2, 9. It is alleged that Plaintiff is a California corporation, whose principal place of business is in Santa Monica, California. *Id.* ¶ 2.

It is alleged that Defendant is an online photograph licensing company that owns, operates and controls the website found at the URL http://www.imageselect.eu (the "Website"). *Id.* ¶ 3. Defendant, through its website, allegedly reproduces, displays, distributes and purports to offer license rights to photographs and other content. *Id.* It is alleged that Defendant is a limited liability company organized in The Netherlands, whose principal place of business is in Wassenaar, The Netherlands. *Id.*

    B.    Allegations in the Complaint

It is alleged that, in 2012, Plaintiff entered into an Exclusive Contributor Agreement and a Non-Exclusive Contributor Agreement (collectively, the "Agreements") with RGB Ventures LLC d/b/a SuperStock ("SuperStock"). *Id.* ¶ 10. SuperStock is allegedly a Florida company whose primary place of business is in Jacksonville, Florida. *Id.* It is alleged that Plaintiff, through the Agreements, granted Superstock limited licenses to certain copyrighted material in its portfolio. *Id.* Pursuant to the Agreements, Plaintiff allegedly provided Superstock with approximately 1700 copyrighted images (the "Copyrighted Works"). *Id.* ¶ 11. It is alleged that Plaintiff has registered the Copyrighted Works with the United States Copyright Office and that Plaintiff is the exclusive owner of each of the copyrights. *Id.* ¶¶ 27-28.

It is alleged that the Agreements authorized SuperStock to perform its licensing obligations through specified third-party distributors. *Id.* ¶ 10. It is then alleged that SuperStock, pursuant to the Agreements, entered into a Distributor Agreement with Defendant. *Id.* ¶¶ 12-13. It is alleged that, under the Distributor Agreement, SuperStock provided access to Plaintiff's images for copying, display and distribution on Defendant's Website; in exchange, Defendant allegedly received a portion of revenue received from users who paid to download copies of the images from the Website. *Id.*

It is alleged that, on or around December 2, 2013, the Agreements between Plaintiff and SuperStock were terminated. *Id.* ¶ 14. The Agreements allegedly provided for SuperStock to continue exercising its licensing rights over Plaintiff's images for an 18-month period (the "Survival Term") following their termination. *Id.* ¶ 15.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV22-07398 JAK (JPRx) | Date | March 11, 2024 |
| Title | Michael Grecco Productions Inc. v. ImageSelect B.V. | | |

It is alleged that, after the expiration of the Survival Term, SuperStock continued to use and profit from the Copyrighted Works. *Id.* ¶ 16. It is alleged that, in response to SuperStock's actions, on October 24, 2016, Plaintiff brought a copyright infringement action against SuperStock in the United States District Court for the Middle District of Florida. *Id.* It is alleged that Plaintiff sought to hold SuperStock liable for its continued reproduction, display and distribution of the Copyrighted Works. *Id.* It is alleged that judgment was entered in favor of Plaintiff pursuant to Fed. R. Civ. P. 68 on January 31, 2018. *Id.* ¶ 17. The judgment allegedly resolved all claims against SuperStock and its agents, including Defendant, that occurred prior to January 31, 2018. *Id.* ¶ 18. It is alleged that the judgment prohibited SuperStock and all SuperStock agents, including Defendant, from reproducing, distributing, publicly displaying or otherwise using the Copyrighted Works on or after February 1, 2018. *Id.* ¶ 19.

It is alleged that Defendant was informed of the Judgment and, as of February 1, 2018, was aware that it no longer had permission or authorization to use the Copyrighted Works. *Id.* ¶¶ 21-22. It is alleged that thereafter, on June 27, 2018, Plaintiff accessed Defendant's website and identified Defendant's continued display and distribution of certain of the Copyrighted Works. *Id.* ¶ 23. It is alleged that Defendant continued to reproduce, display, distribute and offer "licenses" in these works for a currently unknown period of time after June 27, 2018. *Id.* ¶¶ 25, 29. It is alleged that these actions by Defendant constituted willful infringements of Plaintiff's exclusive copyrights in the Copyrighted Works. *Id.* ¶ 29.

It is further alleged that, when displaying the Copyrighted Works on its website, Defendant provided and displayed false copyright management information stating that Defendant was authorized to grant licenses in the Copyrighted Works. *Id.* ¶ 26. It is alleged that Defendant provided this false information unlawfully in order to induce infringement of the Copyrighted Works in violation of the DMCA. *Id.*

    C.    Related Actions

As noted, on October 24, 2016, Plaintiff brought a copyright infringement action against SuperStock in the United States District Court for the Middle District of Florida (the "Middle District Action"). *See Michael Grecco Productions, Inc. v. RBG Ventures, LLC*, No. 16-CV-1335-MMH, Dkt. 1 (M.D. Fla. Oct. 24, 2016). Defendant was not a party to the Middle District Action. *Id.* As also noted, on January 31, 2018, judgment was entered in favor of Plaintiff, resolving all claims against SuperStock and its agents, including Defendant, that occurred prior to that date (the "Middle District Judgment"). *See Michael Grecco Productions, Inc. v. RBG Ventures, LLC*, No. 16-CV-1335-MMH, Dkt. 78 (M.D. Fla. Jan. 31, 2018).

On May 28, 2021, Plaintiff brought a separate copyright infringement action against Defendant in the United States District Court for the Southern District of Florida (the "Southern District Action"). *See Michael Grecco Productions, Inc. v. ImageSelect B.V.*, No. 21-CV-21999-KMW, Dkt. 1 (S.D. Fla. May 28, 2021). Plaintiff, as in the present action, advanced one cause of action for copyright infringement and a second cause of action for violation of the DMCA. *Id.* ¶¶ 24-38. On October 11, 2021, Defendant filed a motion to dismiss the action for lack of personal jurisdiction. *See Michael Grecco Productions, Inc. v. ImageSelect B.V.*, No. 21-CV-21999-KMW, Dkt. 13 (S.D. Fla. Oct. 11, 2021). On September 27, 2022, an order issued granting the motion to dismiss without prejudice (the "Southern District Order"). *See Michael Grecco Productions, Inc. v. ImageSelect B.V.*, No. 21-CV-21999-KMW, Dkt. 23 (S.D. Fla. Sept. 27, 2022).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV22-07398 JAK (JPRx) | Date | March 11, 2024 |
| Title | Michael Grecco Productions Inc. v. ImageSelect B.V. | | |

**III.    Requests for Judicial Notice**

　　A.    Legal Standards

"[C]ourts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007); *see also Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001).

Fed. R. Evid. 201(b) provides that a court "may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Consideration of such materials ensures that "allegations that contradict matters properly subject to judicial notice or by exhibit" are not simply "accept[ed] as true" in connection with a motion to dismiss. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). A court may take judicial notice of a wide range of matters, including public records, government documents, judicial opinions, municipal ordinances, newspaper and magazine articles, and the contents of websites. *See, e.g., Makaeff v. Trump Univ., LLC*, 715 F.3d 254, 259 n.2 (9th Cir. 2013); *Tollis, Inc. v. County of San Diego*, 505 F.3d 935, 938 n.1 (9th Cir. 2007); *United States v. Chapel*, 41 F.3d 1338, 1342 (9th Cir. 1994); *Heidelberg USA, Inc. v. PM Lithographers, Inc.*, No. CV-17-02223-ABA, 2017 WL 7201872, at *2 (C.D. Cal. Oct. 19, 2017); *United States, ex rel. Modglin v. DJO Glob. Inc.*, 114 F. Supp. 3d 993, 1008 (C.D. Cal. 2015), *aff'd sub nom. United States v. DJO Glob., Inc.*, 678 F. App'x 594 (9th Cir. 2017).

"Judicial notice is appropriate for documents 'made publicly available by governmental entities . . . and neither party disputes the authenticity of the web site[ ] or the accuracy of the information displayed therein.' " *Am.'s Frontline Drs. v. Wilcox*, No. CV-21-1243-JGB, 2022 WL 1514038, at *4 (C.D. Cal. May 5, 2022) (quoting *Japanese Vill., LLC v. Fed. Transit Admin.*, 843 F.3d 445, 454 (9th Cir. 2016). Additionally, "[d]ocuments that are not physically attached to a complaint may be considered 'when the authenticity of the documents is not disputed and the plaintiff's complaint necessarily relies on the documents.' " *Id.* (quoting *Bryan v. Wal-Mart Stores, Inc.*, 669 F. App'x 908, 909 (9th Cir. 2016)) (taking judicial notice of university's vaccine policy because the complaint "incorporates the [p]olicy in its allegations"). "[A] court may consider evidence on which the complaint necessarily relies if: (1) the complaint refers to the document; (2) the document is central to the plaintiff['s] claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion." *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010) (internal quotation marks and citations omitted).

Even if judicial notice is taken of a record, a court must distinguish between undisputed and disputed facts that it may include. *Lee*, 250 F.3d at 689–90. For example, "when a court takes judicial notice of another court's opinion, it may do so 'not for the truth of the facts recited therein, but for the existence of the opinion, which is not subject to reasonable dispute over its authenticity.' " *Id.* (quoting *S. Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Grp. Ltd.*, 181 F.3d 410, 426-27 (3d Cir. 1999)).

　　B.    Application

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV22-07398 JAK (JPRx) | Date | March 11, 2024 |
| Title | Michael Grecco Productions Inc. v. ImageSelect B.V. | | |

       1.     <u>RJN</u>

Through the RJN, Defendant requests judicial notice of six documents. Dkt. 21. For the reasons that are stated below, the RJN is **GRANTED**.

*First*, Defendant seeks judicial notice of four records of the United States District Courts for the Southern and Middle Districts of Florida. *Id.* at 4. Three of those records relate to the Southern District Action; the records of which judicial notice is sought consist of the complaint in that matter (Ex. A), Defendant's motion to dismiss that complaint (Ex. B) and the order granting Defendant's motion to dismiss (Ex. C). *Id.* The fourth record of which judicial notice is sought is the complaint filed by Plaintiff against SuperStock in the Middle District Action (Ex. D). *Id.* All of these documents are public records, of which judicial notice is appropriate. *See, e.g.*, *U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) (taking judicial notice of proceedings in another court that "have a direct relation to matters at issue").

*Second*, Defendant seeks judicial notice of its Distributor Agreement with SuperStock (Ex. E). Dkt. 21 at 4. Because Plaintiff refers to this document in the Complaint and does not question its authenticity (Dkt. 1 ¶ 12), judicial notice is appropriate. *See Branch v. Tunnell*, 14 F.3d 449, 453-54 (9th Cir. 1994), overruled on other grounds by *Galbraith v. Cty. of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002).

*Third*, Defendant seeks judicial notice of the Florida Department of State's online entity listing for SuperStock (Ex. F). Dkt. 21 at 4-5. Again, this is a government document, of which judicial notice is appropriate. *Japanese Vill., LLC v. Fed. Transit Admin.*, 843 F.3d 445, 454 (9th Cir. 2016).

       2.     <u>Supplemental RJN</u>

Through the Supplemental RJN, Defendant requests judicial notice of six additional documents. Dkt. 57-2. All are records from searches on the California Secretary of State corporate search website. They correspond, respectively, to Keystone Pictures, Inc. (Ex. 1); McClatchy Newspapers, Inc. (Ex. 2); Zuma Press, Inc. (Ex. 3); Meta Holdings, Inc. (Ex. 4); Pinterest, Inc. (Ex. 5) and X Holdings Corp. (Ex. 6). *Id.* at 2. Again, these are public records, of which judicial notice is appropriate. *See L'Garde, Inc. v. Raytheon Space & Airborne Sys.*, 805 F. Supp. 2d 932, 937-38 (C.D. Cal. 2011). Therefore, the Supplemental RJN is **GRANTED**.

**IV.**    <u>Analysis</u>

     **A.**     Fed. R. Civ. P. 12(b)(2)

       1.     <u>Legal Standards</u>

A party may move to dismiss for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2). The party asserting the existence of jurisdiction bears the burden of establishing it. *See Mattel, Inc. v. Greiner & Hausser GmbH*, 354 F.3d 857, 862 (9th Cir. 2003). If the court does not require an evidentiary hearing, a plaintiff need make only a prima facie showing of personal jurisdiction. *Boschetto v. Hansing*, 539 F.3d 1011, 1015 (9th Cir. 2008). Uncontroverted allegations in the complaint must be taken as true, and "[c]onflicts between parties over statements contained in affidavits must be resolved

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV22-07398 JAK (JPRx) | Date | March 11, 2024 |
| Title | Michael Grecco Productions Inc. v. ImageSelect B.V. | | |

in the plaintiff's favor." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004); *Boschetto*, 539 F.3d at 1015. However, a court "may not assume the truth of allegations in a pleading which are contradicted by affidavit." *Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1223 (9th Cir. 2011).

To establish personal jurisdiction over a defendant, a plaintiff must show that the long-arm statute of the forum state confers personal jurisdiction over an out-of-state defendant, and that the exercise of jurisdiction is consistent with federal due process requirements. *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1154-55 (9th Cir. 2006). California's long-arm statute is co-extensive with the scope of what is permitted by due process. *See Harris Rutsky & Co. Ins. Servs., Inc. v. Bell & Clements Ltd.*, 328 F.3d 1122, 1129 (9th Cir. 2003) ("A court of this state may exercise jurisdiction on any basis not inconsistent with the Constitution of this state or of the United States.").

Constitutional due process requires that jurisdiction be exercised over a nonresident party only if that party has "minimum contacts" with the forum state, such that the exercise of jurisdiction "does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (internal quotation marks omitted); *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 464 (1985).

    2.    Application

The parties identify three potential bases for the exercise of personal jurisdiction over Defendant: (i) general personal jurisdiction in California, (ii) specific personal jurisdiction in California and (iii) nationwide jurisdiction pursuant to Fed. R. Civ. P. 4(k)(2). *See* Dkt. 20 at 17-27.[1] These doctrines are considered in this sequence.

        a)    General Jurisdiction

            (1)    Legal Standards

Depending on the nature and extent of a defendant's contacts, if any, with a forum state, there may be general or specific personal jurisdiction. If there is a basis for general jurisdiction, a party is subject to being required to appear and respond to any claims brought by a party in that forum. *See, e.g.*, *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011). Thus, if general jurisdiction is established, a party may be "haled into court in the forum state to answer for any of its activities anywhere in the world," and its contacts with the forum state need not relate to the claim asserted. *Martinez v. Aero Caribbean*, 764 F.3d 1062, 1066 (9th Cir. 2014); *see also Burnham v. Superior Court of Cal.*, 495 U.S. 604, 617-19 (1990).

There is general jurisdiction only when a party's contacts with the forum state are "substantial or continuous and systematic" so as to "approximate physical presence" in the state. *Bancroft & Masters,*

---

[1] Defendant contends that Plaintiff is collaterally estopped from pursuing Rule 4(k)(2) as a basis for personal jurisdiction based on the parties' prior litigation of personal jurisdiction in the Southern District Action. Dkt. 20 at 25-27. However, for the reasons that follow, this Order concludes that there is no basis for personal jurisdiction over Defendant under Rule 4(k)(2). Therefore, the issue of whether Plaintiff is collaterally estopped from pursuing that basis for jurisdiction need not be reached for purposes of this Order.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV22-07398 JAK (JPRx) | Date | March 11, 2024 |
| Title | Michael Grecco Productions Inc. v. ImageSelect B.V. | | |

*Inc. v. Augusta Nat. Inc.*, 223 F.3d 1082, 1086 (9th Cir. 2000), *overruled in part on other grounds by Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*, 433 F.3d 1199, 1207 (9th Cir. 2006) (en banc) (internal quotation marks omitted). With respect to corporate defendants, contacts with the forum state must establish that a corporation is "essentially at home in the forum state." *Goodyear*, 564 U.S. at 919. A corporation is "at home" where it is incorporated, or where it has its principal place of business. *Id.* at 924; *Daimler AG v. Bauman*, 571 U.S. 117, 137-39 (2014). In an "exceptional case," it is possible that "a corporation's operations in a forum other than its formal place of incorporation or principal place of business may be so substantial and of such a nature as to render the corporation at home in that State. *Daimler*, 571 U.S. at 139 n.19.

    (2)  <u>Application</u>

Defendant is not subject to general jurisdiction in California. As a Netherlands-based limited liability company whose principal place of business is in Wassenaar, The Netherlands (Dkt 1 ¶ 3), Defendant is not "at home" in California. *See Goodyear*, 564 U.S. at 919. Similarly, Defendant lacks sufficient contacts in California to support general jurisdiction here. *See Daimler*, 571 U.S. at 139 n.19. In this action, evidence has been presented primarily as to Defendant's contacts in the United States as a whole. Even if some portion of those contacts occurred in California, they would not be sufficient for general jurisdiction. *See, e.g.*, *Mavrix Photo*, 647 F.3d at 1226 (finding no general jurisdiction in California over an Ohio corporation that maintained an interactive website generating significant use in California); *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 418 (1984) (finding no general jurisdiction in Texas over a company that purchased 80 percent of its parts from Texas over a seven-year period, sent staff to Texas for training and consultation and made payments through Texas banks).

    b)  Specific Jurisdiction

      (1)  <u>Legal Standards</u>

Specific jurisdiction may be exercised over a party if the underlying claims arise out of that party's forum-related contacts. *See Rano v. Sipa Press, Inc.*, 987 F.2d 580, 588 (9th Cir. 1993). The Ninth Circuit applies a three-part test to assess whether there is specific jurisdiction:

  (1) the non-resident defendant must . . . purposefully avail[] himself of the privilege of conducting activities in the forum [and] invoking the benefits and protections of its laws;

  (2) the claim must be one which arises out of or results from the defendant's forum-related activities; and

  (3) the exercise of jurisdiction [over the defendant] must . . . be reasonable.

*See Schwarzenegger*, 374 F.3d at 802. "If any of the three requirements is not satisfied, jurisdiction in the forum would deprive the defendant of due process of law." *Pebble Beach*, 453 F.3d at 1155 (quoting *Omeluk v. Langsten Slip & Batbyggeri A/S*, 52 F.3d 267, 270 (9th Cir. 1995)). A plaintiff bears the burden of satisfying the first two prongs of the test. *Id.* The burden then shifts to the party contesting jurisdiction to "present a compelling case" that the exercise of jurisdiction would not be reasonable.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV22-07398 JAK (JPRx) | Date | March 11, 2024 |
| Title | Michael Grecco Productions Inc. v. ImageSelect B.V. | | |

*Schwarzenegger*, 371 F.3d at 802.

With respect to the first prong of the specific jurisdiction test, "purposeful direction" is appropriate for a claim of copyright infringement that allegedly involves "an intentional tortious or 'tort-like' act." *Herbal Brands, Inc. v. Photoplaza, Inc.*, 72 F.4th 1085, 1091 (9th Cir. 2023). Purposeful direction is measured by the "effects test" in *Calder v. Jones*, 465 U.S. 783 (1984). Under that test, the plaintiff must show that the defendant "(1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Herbal Brands*, 72 F.4th at 1091. "[T]he plaintiff cannot be the only link between the defendant and the forum. Rather, it is the defendant's conduct that must form the necessary connection with the forum State that is the basis for its jurisdiction over him." *Walden v. Fiore*, 571 U.S. 277, 285 (2014).

With respect to the first prong of *Calder*, an intentional act is one committed with the "intent to perform an actual, physical act in the real world." *Picot*, 780 F.3d at 1214 (quoting *Schwarzenegger*, 374 F.3d at 806). As to "express aiming," it requires "something more" than a "foreign act with foreseeable effects in the forum state." *Wash. Shoe v. A-Z Sporting Goods Inc.*, 704 F.3d 668, 675 (9th Cir. 2012), *abrogated on other grounds by Axiom Foods, Inc. v. Acerchem Int'l, Inc.*, 874 F. 3d 1064 (9th Cir. 2017). The Supreme Court has "reinforced the traditional understanding that our personal jurisdiction analysis must focus on the defendant's contacts with the forum state, not the defendant's contacts with the resident of the forum." *Picot*, 780 F.3d at 1214.

Applying these standards, the mere "operation of an interactive website does not, by itself, establish express aiming." *Herbal Brands, Inc. v. Photoplaza, Inc.*, 72 F.4th 1085, 1091 (9th Cir. 2023). However, "operating a website 'in conjunction with something more—conduct directly targeting the forum—is sufficient' to satisfy the express aiming prong." *Id.* at 1092 (quoting *Mavrix*, 647 F.3d at 1229). In conducting this analysis, a court is to consider "the interactivity of the defendant's website," "the geographic scope of the defendant's commercial ambitions," and "whether the defendant 'individually targeted' a plaintiff known to be a forum resident." *Mavrix*, 647 F.3d at 1229. When a "website itself is the only jurisdictional contact," the "analysis turns on whether the site had a forum-specific focus or the defendant exhibited an intent to cultivate an audience in the forum." *Herbal Brands*, 72 F.4th at 1092.

(2)  Application

(a)  Purposeful Direction

An intentional act is one committed with the "intent to perform an actual, physical act in the real world, rather than an intent to accomplish a result of consequence of that action." *Brayton Purcell LLP v. Recordon & Recordon*, 606 F.3d 1124, 1128 (9th Cir. 2010) (quoting Schwarzenegger, 374 F.3d at 806). Plaintiff argues that Defendant committed an intentional act by displaying the Copyrighted Works on its website with authorization to do so, and thereby making them available to potential customers in California. Dkt. 26 at 18. Defendant contends that it could not have committed this intentional act because its Distributor Agreement with SuperStock precluded it from distributing the Copyrighted Works in the United States. Dkt. 20 at 19-20. However, Defendant offers no evidence to controvert the allegation in the Complaint that Defendant violated the Distributor Agreement by "reproduc[ing], distribut[ing], display[ing], and licens[ing] photographic images to customers in the United States." Dkt. 1 ¶ 4. This allegation is further supported by contemporaneous screenshots of Defendant's display and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV22-07398 JAK (JPRx) | Date | March 11, 2024 |
| Title | Michael Grecco Productions Inc. v. ImageSelect B.V. | | |

distribution of the Copyrighted Works on and through its Website. *See* Dkt. 1 ¶ 23, Ex. A. This evidence is sufficient to establish that Defendant has committed an intentional act in California. *See Mavrix Photo*, 647 F.3d at 1229-32 (defendant satisfied the intentional act requirement by posting an allegedly copyright-infringing photo on its website); *Brayton Purcell LLC*, 606 F.3d at 1128-31 (same).

Notwithstanding the foregoing, an intentional act can only support specific jurisdiction if it is "expressly aimed" at the forum state. *Id.* The "express aiming" requirement is satisfied when "the defendant is alleged to have engaged in wrongful conduct . . . targeting [Plaintiff in] the forum state." *Dole Food Co. v. Watts*, 303 F.3d 1104, 1111 (9th Cir. 2002) (quoting *Bancroft & Masters, Inc.*, 223 F.3d at 1087). When express aiming is premised upon the operation of an interactive website, the "maintenance of [the] website alone cannot satisfy the express aiming prong." *Mavrix Photo*, 647 F.3d at 1229 (quoting *Brayton Purcell LLC*, 606 F.3d at 1129. Instead, there must be an allegation that the defendant operated the website "in conjunction with 'something more'—conduct directly targeting the forum." *Id.* (quoting *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1020 (9th Cir. 2002)).

The Complaint does not include allegations that Defendant's intentional act -- the operation of its Website -- was expressly aimed at California. For example, there is no allegation that Defendant intended to or operated the Website to target California residents or to develop a market for its products in California. *Herbal Brands*, 72 F.4th at 1092. Because the Complaint fails to allege that Defendant expressly aimed an intentional act at California, there is no basis for specific jurisdiction over Defendant in California.

        c)        Jurisdiction Under Fed. R. Civ. P. 4(k)(2)

        (1)        <u>Legal Standards</u>

"Rule 4(k)(2) of the Federal Rules of Civil Procedure authorizes district courts to exercise jurisdiction over a foreign defendant 'in a narrow band of cases' where 'the United States serves as the relevant forum for minimum contacts analysis.' " *Reflex Media, Inc. v. Chan*, No. CV-16-795JFW, 2020 WL 6694316, at *8 (C.D. Cal. Oct. 30, 2020) (quoting *Glencore Grain Rotterdam B.V. v. Shivnath Rai Harnarain Co.*, 284 F.3d 1114, 1126 (9th Cir. 2002)). The rule provides that "[f]or a claim that arises under federal law, serving a summons or filing a waiver of service establishes personal jurisdiction over a defendant if: (A) the defendant is not subject to jurisdiction in any state's courts of general jurisdiction; and (B) exercising jurisdiction is consistent with the United States Constitution and laws." Fed. R. Civ. P. 4(k)(2).

The exercise of jurisdiction pursuant to Rule 4(k)(2) requires the plaintiff to satisfy three requirements. "First, the claim against the defendant must arise under federal law. Second, the defendant must not be subject to the personal jurisdiction of any state court of general jurisdiction. Third, the federal court's exercise of personal jurisdiction must comport with due process." *Pebble Beach*, 453 F.3d at 1159 (internal citations omitted). The "analysis under Rule 4(k)(2) is nearly identical to traditional [specific] personal jurisdiction analysis with one significant difference: rather than considering contacts between the [defendant] entities and the forum state, [the court] consider[s] contacts with the nation as a whole." *Holland Am. Line v. Wartsila North America, Inc.*, 485 F.3d 450, 462 (9th Cir. 2007) (citing *Pebble Beach*, 453 F.3d at 1159).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV22-07398 JAK (JPRx) | Date | March 11, 2024 |
| Title | Michael Grecco Productions Inc. v. ImageSelect B.V. | | |

(2)   Application

The first and second requirements for personal jurisdiction under Rule 4(k)(2) are satisfied. The first is satisfied because Plaintiff's claims arise under the Copyright Act and the DMCA, respectively. Dkt. 1 ¶¶ 31-47. The second prong is satisfied because Defendant argues that it is not to subject to general jurisdiction in California and does not identify any other state where it would be subject to general jurisdiction. Dkt. 20 at 8-9; *Holland Am. Line*, 485 F.3d at 461 (joining other circuits in holding that "[i]f … the defendant contends that he cannot be sued in the forum state and refuses to identify any other where suit is possible, then the federal court is entitled to use Rule 4(k)(2)" (quoting *ISI Int'l Inc. v. Borden Ladner Gervais LLP*, 256 F.3d 548, 552 (7th Cir. 2001))); *see also Riot Games, Inc. v. Suga PTE*, 638 F. Supp. 3d 1102, 1113 (C.D. Cal. 2022). Therefore, whether there is personal jurisdiction under Rule 4(k)(2) depends on whether Defendant has sufficient "minimum contacts" with the United States to justify the exercise of personal jurisdiction.

Because the Rule 4(k)(2) analysis applies the personal jurisdiction inquiry on a national scale, an analysis of the third requirement requires a reconsideration of purposeful direction, reasonableness and relatedness through a nationwide lens. *See Holland Am. Line*, 485 F.3d at 462.

(a)   Purposeful Direction

For the reasons stated previously, the first *Calder* prong is satisfied because Defendant allegedly committed an intentional tort by displaying and licensing copyright-infringing content to customers in the United States. Therefore, the remaining question under *Calder* is whether Defendant has "expressly aimed" its tortious conduct at the United States. *AMA*, 970 F.3d at 1209. To make this showing, Plaintiff must again establish that Defendant has done "something more" than operate a website accessible to the United States. *Mavrix*, 647 F.3d at 1229.

Since the MTD was taken under submission, on October 2, 2023, Plaintiff was afforded a four-month period to conduct discovery on this topic. Dkt. 42. Plaintiff took a four-hour deposition of Defendant's owner, Pieter Doorman ("Doorman"), and propounded document requests in response to which Defendant produced materials. *Id.*; *see* Dkt. 57 at 2-3; Dkt. 58 at 3. Despite this jurisdictional discovery, the evidence proffered by Plaintiff remains insufficient to support personal jurisdiction based on Defendant's alleged purposeful direction toward the United States.

*Mavrix*, on which both parties rely, is instructive. Mavrix concluded that purposeful availment was satisfied where the defendant, the operator of a celebrity gossip website, allegedly infringed the copyright of the plaintiff, a celebrity photography agency, by posting on its website celebrity photographs the plaintiff had taken. 647 F.3d at 1222-23. Mavrix concluded that it was "most salient" that the defendant " 'continuously and deliberately exploited' the California market for its website" by contracting with third-party advertisers who directly marketed to the California market and maintaining "a specific focus on the California-centered celebrity and entertainment industries." *Id.* at 1229-30. The court concluded that there was personal jurisdiction over the defendant on this basis. *Id.* at 1232.

The present case is different. Plaintiff has not produced evidence showing that Defendant engaged in comparable targeting of the United States. To the contrary, jurisdictional discovery generally verified Defendant's prior representation*, i.e.,* that Defendant is a European-based company with no substantial

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV22-07398 JAK (JPRx) | Date | March 11, 2024 |
| Title | Michael Grecco Productions Inc. v. ImageSelect B.V. | | |

contacts, sales or market in the United States. Dkt. 20 at 21-22. As stated by Doorman during deposition, and as confirmed by Defendant through the documents it produced:

- Defendant has, since 2018, conducted just three sales to customers in the United States. None of these sales involved the Copyrighted Works. Dkt. 58-6 ¶ 3.
- Defendant does "not market to or target [United States] customers." Dkt. 58-6 ¶ 11. On at least one occasion, Defendant rejected a sale from a potential United States customer on the basis that it "do[es] not have the rights to sell in the USA." Dkt. 58-5 at 3.
- Defendant has no United States employees. Dkt. 58 at 3. Doorman, who is based in the Netherlands and does not travel to the United States except on holidays, is Defendant's sole employee. *Id.* He collaborates occasionally with a consultant in Belgium, an internet technology vendor in Germany and an accountant in Amsterdam. *Id.*
- Defendant maintains distribution agreements with 40 companies that supply it with photographs for sale on the Website. Dkt. 58 at 8. Of those 40 companies, five are based in the United States (the "U.S. Suppliers"). Dkt. 58-6 ¶ 4. Defendant did not receive the Copyrighted Works from the U.S. suppliers. *Id.* Moreover, sales from photos obtained from the U.S. Suppliers "make up . . . just about 1 percent of [Defendant's] total sales." Dkt. 58 at 3.
- Defendant's three sales to the United States since 2018 generated $391 in revenues, which is less than 0.02% of Defendant's total revenue since 2018. Dkt. 58-6 ¶ 7.A.

Plaintiff does not dispute this evidence. However, it maintains that there is sufficient evidence of purposeful direction for three other reasons. None is persuasive.

*First*, Plaintiff argues that Defendant's aforementioned distribution agreements with the U.S. Suppliers constitute purposeful direction because, as a result of these agreements, "between 12% and 15% of ImageSelect's supply agreements for inventory to sell were with U.S. companies during some or all of the relevant time period." Dkt. 57 at 4. However, this is not a persuasive basis for jurisdiction because, as noted, these supply agreements produced less than 2% of Defendant's sales and were not the source of the Copyrighted Works on which this action is based. Dkt. 58-6 ¶ 4; *see Bungie, Inc. v. Thorpe*, No. 21-CV-5677-EMC, 2021 WL 5178825, at *6 (N.D. Cal. Nov. 8, 2021) (rejecting jurisdiction based on "contracts between [defendant] and third-party entities" that were not jurisdictionally relevant).

*Second*, Plaintiff argues that Defendant purposefully directed its conduct toward the United States because "it specifically promotes its business to U.S.-based audiences through posting numerous images on California and other U.S.-based platforms." Dkt. 57 at 3. The only evidence Plaintiff offers to support this assertion is that Defendant maintains accounts on Facebook, Instagram, Pinterest and X (formerly Twitter), all of which are based in the United States and accessible to a United States audience. *Id.* at 5-6. Plaintiff provides no evidence that Defendant used those accounts specifically to call attention to the Copyrighted Works or specifically to target U.S. customers, as opposed to a worldwide audience. Absent such additional evidence, that Defendant maintained accounts on U.S.-based platforms is not sufficient for purposeful direction. *See, e.g.*, *NuboNau, Inc. v. NB Labs, Ltd*, No. 12-CV-2631-LAB, 2012 WL 843503, at *6 (S.D. Cal. Mar. 9, 2012) ("[T]he Court doesn't find that merely engaging Twitter and Facebook to promote one's business constitutes purposeful direction at California, simply because Twitter and Facebook happen to be based there.").

*Third*, Plaintiff argues that Defendant targeted the United States by "display[ing] (and offer[ing] for

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV22-07398 JAK (JPRx) | Date | March 11, 2024 |
| Title | Michael Grecco Productions Inc. v. ImageSelect B.V. | | |

license) Plaintiff's images" through its Website. Dkt. 57 at 8. However, Plaintiff admits that because Defendant does not track the locations of Website visitors, it does not know how many visitors are from the United States. *Id.* Even if Plaintiff had presented evidence that the Website was frequently visited by United States customers, that would not be sufficient for purposeful direction under *Mavrix*, which held that the maintenance of an interactive website, absent "something more," cannot support personal jurisdiction. *Mavrix*, 647 F.3d at 1229.

For these reasons, Plaintiff has not presented evidence sufficient to show that Defendant has engaged in purposeful direction toward the United States. Accordingly, there is no basis for personal jurisdiction over Defendant under Rule 4(k)(2), and the MTD is **GRANTED** as to the issue of personal jurisdiction.

  B. Fed. R. Civ. P. 12(b)(3)

    1. <u>Legal Standards</u>

Fed. R. Civ. P. 12(b)(3) provides that a party may move to dismiss an action for improper venue. The non-moving party has the burden of showing that venue is proper in the district in which it filed the action. *See Piedmont Label Co. v. Sun Garden Packing Co.*, 598 F.2d 491, 496 (9th Cir. 1979); *In re ZTE (USA) Inc.*, 890 F.3d 1008, 1014 (Fed. Cir. 2018). In ruling on a motion to dismiss for improper venue, the plaintiff's allegations in the complaint need not be accepted as true, and the court may consider evidence outside the pleadings. *Argueta v. Banco Mexicano, S.A.*, 87 F.3d 320, 324 (9th Cir. 1996).

In general, "[a] civil action may be brought in—

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action."

28 U.S.C. § 1391(b). An entity defendant is a resident of "any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question." 28 U.S.C. § 1391(c)(2). In addition, "[f]or all venue purposes . . . a defendant not resident in the United States may be sued in any judicial district." 28 U.S.C. § 1391(c)(3).

A court may dismiss an action for improper venue, or transfer it to a court where venue would be proper. 28 U.S.C. § 1406(a).

    2. <u>Application</u>

Venue is proper in this District. Because Defendant is incorporated and headquartered in The

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV22-07398 JAK (JPRx) | Date | March 11, 2024 |
|---|---|---|---|
| Title | Michael Grecco Productions Inc. v. ImageSelect B.V. | | |

Netherlands (Dkt. 1 ¶ 3), it is "a defendant not resident in the United States." 28 U.S.C. § 1391(c)(3). Therefore, Defendant "may be sued in any judicial district," including this one. *Id.*

Defendant contends that, under the copyright venue provision, 28 U.S.C. § 1400(a), venue for copyright claims is only proper "in the district in which the defendant or his agent resides or may be found." 28 U.S.C. § 1400(a); *see* Dkt. 20 at 28. However, it is a well-established principle that "suits against aliens are wholly outside the operation of all the federal venue laws, general and special." *Brunette Mach. Works, Ltd. v. Kockum Indus., Inc.*, 406 U.S. 706, 714 (1972); *see also Stross v. NetEase, Inc.*, No. CV-20-00861-ABP, 2020 WL 5802419, at *10 n. 12 (C.D. Cal. Aug. 20, 2020) ("[V]enue is proper over a foreign corporate defendant in any judicial district, even in copyright infringement actions."). For this reason, the copyright venue provision does not alter the application of 23 U.SC. § 1391(c)(3).

For these reasons, the MTD is **DENIED** as the issue of venue.

    C.    Fed. R. Civ. P. 12(b)(6)

        1.    <u>Legal Standards</u>

Fed. R. Civ. P. 8(a) provides that a "pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." The pleading must allege facts that, if established, would be sufficient to show that a claim for relief is plausible on its face. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A complaint need not include detailed factual allegations but must provide more than a "formulaic recitation of the elements of a cause of action." *Id.* at 555. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citations omitted).

Fed. R. Civ. P. 12(b)(6) permits a party to move to dismiss a cause of action that fails to state a claim in accordance with the foregoing standards. It is appropriate to grant such a motion only where the complaint lacks a cognizable legal theory or sufficient facts to support one. *See Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). In considering a motion to dismiss, the allegations in the challenged complaint are deemed true and must be construed in the light most favorable to the non-moving party. *See Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). However, a court need not "accept as true allegations that contradict matters properly subject to judicial notice or by exhibit. Nor is the court required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (citing *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001)).

If a motion to dismiss is granted, the court should "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). Although this policy is to be applied "with extreme liberality" (*Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001)), allowing leave to amend is inappropriate in circumstances where litigants have failed to cure previously identified deficiencies, or

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV22-07398 JAK (JPRx) | Date | March 11, 2024 |
|---|---|---|---|
| Title | Michael Grecco Productions Inc. v. ImageSelect B.V. | | |

where an amendment would be futile. *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *Allen v. City of Beverly Hills*, 911 F.2d 367, 374 (9th Cir. 1990).

    2.    <u>Application</u>

Even if Defendant were subject to personal jurisdiction in California, Defendant argues that Plaintiff has failed to state a claim on which relief may be granted because both of its claims are time-barred. Dkt. 20 at 29-30. Both parties agree that Plaintiff's claims are governed by the three-year statute of limitations of the Copyright Act, which accrues once "the plaintiff discovers, or with due diligence should have discovered, the injury that forms the basis for the claim." *Petrella*, 572 U.S. at 670 n.4. Under this "discovery rule,"

> when a defendant commits successive violations, the statute of limitations runs separately from each violation. Each time an infringing work is reproduced or distributed, the infringer commits a new wrong. Each wrong gives rise to a discrete "claim" that "accrue[s]" at the time the wrong occurs. In short, each infringing act starts a new limitations period. *See Stone v. Williams*, 970 F.2d 1043, 1049 (C.A.2 1992) ("Each act of infringement is a distinct harm giving rise to an independent claim for relief.").
>
> Under the Act's three-year provision, an infringement is actionable within three years, and only three years, of its occurrence. And the infringer is insulated from liability for earlier infringements of the same work. *See* 3 M. Nimmer & D. Nimmer, Copyright § 12.05[B][1][b], p. 12-150.4 (2013) ("If infringement occurred within three years prior to filing, the action will not be barred even if prior infringements by the same party as to the same work are barred because they occurred more than three years previously."). Thus, when a defendant has engaged (or is alleged to have engaged) in a series of discrete infringing acts, the copyright holder's suit ordinarily will be timely under § 507(b) with respect to more recent acts of infringement (i.e., acts within the three-year window), but untimely with respect to prior acts of the same or similar kind.

*Petrella*, 572 U.S. at 671-72.

Defendant argues that Plaintiff "discovered" its alleged infringement as early as 2016, when it sued SuperStock. Dkt. 20 at 29. Plaintiff responds that its claims "arise[] solely out of Defendant's acts of infringement and DMCA violations occurring after" the close of its action against SuperStock. Dkt. 26 at 27. Because that action resolved all claims against Defendant that occurred prior to January 31, 2018, Plaintiff argues that it is now seeking to recover only for alleged infringement occurring on or after February 1, 2018. Dkt. 1 ¶ 18; Dkt. 26 at 27. The Complaint alleges, for example, that Defendant was still trafficking in the Copyrighted Works as of June 27, 2018. Dkt 1 ¶ 24. Under the separate accrual rule, Plaintiff argues that each act of infringement at that time gave rise to a new three-year statute of limitations. Dkt. 26 at 29.

Defendant argues that the separate accrual rule does not apply because its use of the Copyrighted Works has been continuous and uninterrupted since 2016. Dkt. 20 at 30. Defendant argues that, "[a]ccepting Plaintiff's argument would require the Court to infer that [Defendant] was instructed by SuperStock to take the Images down, did so, and then put the Images back up within the last three years." *Id*. Defendant argues that this inference would be incorrect because the Copyrighted Works

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV22-07398 JAK (JPRx) | Date | March 11, 2024 |
|---|---|---|---|
| Title | Michael Grecco Productions Inc. v. ImageSelect B.V. | | |

have remained on its Website continuously since 2016. *Id.*

"Separately accruing harm should not be confused with harm from past violations that are continuing." *Petrella*, 572 U.S. at 671 n.6. Moreover, "[c]ourts following this guidance have concluded that the mere fact that [an infringing] document remained online does not trigger the separate-accrual rule." *Bell v. Oakland Cmty. Pools Project, Inc.*, No. 19-CV-01308-JST, 2020 WL 4458890, at *5 (N.D. Cal. May 4, 2020); *Wolf v. Travolta*, 167 F. Supp. 3d 1077, 1099 n.13 (C.D. Cal. 2016) ("The fact that the allegedly infringing document -- published in 2010, outside the relevant three-year window -- *remained* on defendant's website through 2014 does not give rise to a discrete claim accruing within the three-year window."); *Nakada + Associates, Inc. v. City of El Monte*, No. CV-16-1467-GW, 2017 WL 246997, at *3 (C.D. Cal. June 2, 2017) (in a case concerning the defendant's posting of an infringing YouTube video, plaintiff's copyright claim accrued only when the video was first posted). Therefore, if Defendant has continuously displayed the Copyrighted Works since 2016, Plaintiff's claims accrued solely in 2016. However, if Defendant has posted or re-posted any additional images since that time, each such action would have created a new statute of limitations under the separate accrual rule. *See, e.g.*, *Michael Grecco Prods. Inc. v. Valuewalk, LLC*, 345 F. Supp. 3d 482, 512 (S.D.N.Y. 2018) (plaintiff's copyright claim would be timely if defendants had "republish[ed]" a copyrighted image online, but not if it were just "continuously available for public viewing"). Whether Defendant has done so is a question of fact that cannot be resolved in connection with the present motions.

Further, Defendant's alleged acts of infringement exceed reproducing and displaying the Copyrighted Works on its Website. The Complaint also alleges that Defendant distributed and offered licenses to the Copyrighted Works since 2018. Dkt. 1 ¶ 25. The separate accrual rule provides that new sales, distributions and other one-off acts of infringement constitute individual harms upon which new copyright claims will accrue. *Petrella*, 572 U.S. at 671; *see, e.g.*, *Robertson v. Burdon*, No. CV-18-00397-JAK, 2019 WL 2141971, at *14 (C.D. Cal. Apr. 3, 2019) (each new "sale, distribution, broadcast, and performance" of an allegedly infringing song "triggered a new three-year limitations period with respect to which the Complaint was timely"). Therefore, if Defendant has distributed or sold a license to the Copyrighted Works since 2018, each such act would have constituted a new claim for which a new limitations period would apply. Once again, whether Defendant has done so is a question of fact that cannot be resolved in connection with the current motions.

Finally, and consistent with the prior analysis, "[a] claim may be dismissed under Rule 12(b)(6) on the ground that it is barred by the applicable statute of limitations only when the running of the statute is apparent on the face of the complaint." *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010) (internal quotations and citation omitted). Plaintiff's claims would be timely if Defendant took any new actions in the last three years. Whether Defendant took such actions is again a factual question that cannot be resolved in connection with the current motions.

For the foregoing reasons, the MTD is **DENIED** as to the issue of timeliness.

**V.      Conclusion**

For the reasons stated in this Order, the MTD is **GRANTED**. Plaintiff's claims are dismissed for lack of personal jurisdiction.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV22-07398 JAK (JPRx) | Date | March 11, 2024 |
| Title | Michael Grecco Productions Inc. v. ImageSelect B.V. | | |

**IT IS SO ORDERED.**

                                                                                                 : 

Initials of Preparer      tj